UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CODY SCHAAL,

        Plaintiff,

v.                                                Case No. 08-C-727

UNITED STATES OF AMERICA,

        Defendant.

**ORDER**

Plaintiff brought this action against IRS official Michael Majewski alleging trespass and contract claims arising out of Majewski's appearance on Plaintiff's property to serve Plaintiff with a tax enforcement summons. The United States was substituted as a defendant, and it has now moved to dismiss. Plaintiff has not responded. For the reasons set forth below, the government's motion will be granted.

The essence of Plaintiff's claim is that Majewski trespassed on Plaintiff's property while attempting to serve a summons. Plaintiff also maintained a sign on his property warning that unauthorized entry would cost the entrant a use fee of $5,000. He calls this sign a "private contract" and asserts that it is enforceable.

Any claim for trespass against a United States official in the performance of his duties is barred by sovereign immunity. Although the Federal Tort Claims Act ("FTCA") provides some waivers of the government's immunity, these are not applicable here. It should go without saying that the United States would not voluntarily waive immunity for claims relating to its revenue

agents' ability to fulfill their standard duties, such as serving summons. This is reflected in the FTCA itself, which provides that the waiver of sovereign immunity does not apply to "[a]ny claim arising in respect to the assessment or collection of any tax...." 28 U.S.C. § 2680(c). The Plaintiff's claims clearly "arise[] in respect to the assessment or collection of any tax." *Id.*

And of course an IRS agent, in the fulfillment of his official duties, does not enter into a "contract" to pay $5,000 merely by posting a summons on the recipient's door. Regardless of whether such a "contract" would be enforceable against a private citizen, there is no basis for a citizen to condition official government actions on the government's payment of a fee. Under Plaintiff's logic, the police or public utility officials would have to pay $5,000 every time they came to his house. Taken to its logical extreme, every citizen could simply post a million dollar warning on his land and never fear the entry of a government agent because of the exorbitant costs involved. Naturally such "contracts" are not worth the paper they are printed on. Because the contract count fails to state a claim on which relief could be granted, it is also dismissed.

For these and other reasons, the United States' motion to dismiss is **GRANTED**.

**SO ORDERED** this   8th   day of January, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge